Edith Sanchez Shea (SBN 177578)
E-mail: eshea@bwslaw.com
Keiko J. Kojima (SBN 206595)
E-mail: kkojima@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel: 213.236.0600      Fax: 213.236.2700

Attorneys for Plaintiff North American Company
for Life and Health Insurance

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT McINTYRE,<br><br>Defendant. | Case No. 8:20-cv-01608<br><br>**COMPLAINT FOR DECLARATORY RELIEF CONFIRMING COMPLIANCE WITH LIFE INSURANCE CONTRACT** |

Plaintiff North American Company for Life and Health Insurance ("North American") by its attorneys, Burke, Williams & Sorensen, LLP, as and for its Complaint against Defendant Robert McIntyre ("McIntyre"), pleads as follows:

## INTRODUCTION

1.     This is an action seeking a declaration confirming North American's compliance with the terms of a Last Survivor Flexible Premium Adjustable Life insurance policy, Policy Number LW00039221 (the "Policy") insuring the lives of Barbara and Leo McIntyre. The Policy was issued on July 5, 1993 and the owner and beneficiary of the Policy was The McIntyre Family 1993 Liquidity Trust Dated

October 25, 1993 (the "Trust"). Barbara McIntyre died on October 28, 2005 and Leo McIntyre died on December 27, 2018. Benefits under the Policy became payable after Leo McIntyre's death and North American paid those benefits to the named beneficiary, the Trust.

2. Defendant Robert McIntyre has asserted a claim for benefits under the Policy. Robert McIntyre does not dispute that the Trust was the named beneficiary of the Policy. However, he claims that he is the beneficiary of the Trust, and that due to disputes regarding the identity and actions of the trustee of the Trust, he has not received the benefits to which he is entitled.

3. North American has filed this action seeking a judicial declaration confirming that it has complied with its obligations under the Policy. It has paid the Policy benefits, amounting to $1,004,544.13 to the correct beneficiary and has complied with all of its obligations under the Policy.

4. North American has responded to Robert McIntyre's claim and has advised Robert McIntyre, through his counsel, of its position that it has complied with all of the terms of the Policy.

## JURISDICTION AND VENUE

5. At all relevant times, North American is and was an Iowa corporation with its principal place of business in Iowa, and thus a citizen of the State of Iowa. At all relevant times, North American has been properly licensed and authorized to conduct business in the State of California and within this judicial district.

6. Defendant Robert McIntyre is an individual and citizen of the State of California, currently residing in Orange County, California, and at all times relevant to this action resided within the Central District of California.

7. Upon information and belief, the Trust became effective October 25, 1993, and is governed by the laws of the State of California.

///

///

8. Upon information and belief, the insureds under the Policy, Barbara and Leo McIntyre, resided at all times within the State of California and within the Central District of California.

9. The amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000. This matter involves the payment of life insurance benefits in the amount of $1,004,544.13.

10. This Court therefore has diversity jurisdiction under 28 U.S.C. § 1332(c) and venue is proper in this court.

## FIRST CAUSE OF ACTION

### (Judicial Declaration Confirming Compliance with Policy No. LW00039221)

11. North American repeats and re-alleges the allegations set forth in paragraphs 1 through 10, supra, as through fully set forth herein.

12. North American issued the Policy, with a death benefit of $1,000,000, on July 5, 1993. The Policy insured the lives of Leo and Barbara McIntyre and was owned by the Trust, which was also named as the beneficiary of the Policy. (A true and correct redacted copy of the Policy, including the amendment identifying the Trust as the Policy owner and beneficiary, is attached as Exhibit 1 and incorporated by reference into this Complaint.)

13. The first page of the Policy states as follows: "We agree to pay the Death Benefit to the Beneficiary upon receipt of due proof of both insureds' deaths."

14. Barbara McIntyre died on October 28, 2005.

15. Leo McIntyre died on December 27, 2018.

16. On or about February 13, 2019, North American received a claim for the Policy benefits on behalf of the Trust. Leo McIntyre's widow, Brigette Daza, sought benefits on behalf of the Trust. She provided a Certificate of Trust, dated February 13, 2019, identifying herself as the trustee of the Trust.

17. On or about February 25, 2019, North American issued a check for the death benefits to the Trust. The check was made payable to The McIntyre Family 1993 Liquidity Trust Dated October 25, 1993 Trust and mailed to Brigette Daza.

18. On information and belief, Brigette Daza negotiated the check that was issued to the Trust. (A true and correct copy of the North American check issued to the Trust and including endorsement information is attached as Exhibit 2 and incorporated by reference into this Complaint.)

19. Robert McIntyre has disputed the payment of the death benefits under the Policy. He does not dispute that the Policy benefits were paid to the correct beneficiary, the Trust. However, he claims that Brigette Daza was not the trustee. He claims that a different individual, Jeffrey Bazyler, was the trustee at the time of Leo McIntyre's death. He has also claimed that Brigette Daza and Jeffrey Bazyler may have conspired to deprive him of the benefits to which he is entitled under the Trust.

20. An actual case or controversy exists because the named defendant, Robert McIntyre, has disputed North American's payment of the death benefits under Policy, contending that he is entitled to the benefits under Policy. North American contends, however, that it has paid all of the life insurance benefits due under the Policy to the correct beneficiary and that is has fulfilled all of its obligations under the Policy. It further contends that disputes regarding the administration of the Trust or rights to payments under the terms of the Trust are outside the terms, rights and obligations of the Policy.

21. For the reasons stated above, North American is entitled to a judicial declaration confirming the propriety of its payment of life insurance benefits under the Policy to the named beneficiary.

///

///

///

## PRAYER

WHEREFORE, Plaintiff North American prays for judgment as follows:

1. For a judicial declaration confirming that North American complied with the terms of Policy Number LW00039221 by paying all life insurance proceeds to the named beneficiary, The McIntyre Family 1993 Liquidity Trust Dated October 25, 1993, and that neither Robert McIntyre nor any other person has any rights or interests as to North American under Policy Number LW00039221, including without limitation the right to death benefits; and

2. For such other and further relief as the Court deems just and proper.

DATED: August 27, 2020            BURKE, WILLIAMS & SORENSEN, LLP

By: *s/ Edith S. Shea*
    EDITH SANCHEZ SHEA
    KEIKO J. KOJIMA
    Attorneys for Plaintiff North American
    Company for Life and Health Insurance